CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 29 2018

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| ME2 PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:17CV00002 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MOHAMED AHMED, et al., | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

In this copyright infringement action, plaintiff ME2 Productions, Inc. ("ME2") moves for default judgment against defendants Mohamed Ahmed, Marisol Amaya, Daud Jan, and Robin Stultz, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. For the reasons stated, the motions will be granted.

## Background

In reviewing motions for default judgment, the court accepts the plaintiff's well-pleaded allegations as to liability as true. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).

ME2, a Nevada corporation that holds the copyright to the film "Mechanic: Resurrection," alleges that the defendants violated its copyright by using BitTorrent to copy and distribute the film. Am. Compl. ¶¶ 12-13, 22-24, Docket No. 12. BitTorrent allows an initial file provider "to share a file with a torrent network." Id. ¶ 18. The users who join the network can then distribute an entire file by each downloading a different bit of data. Id. Plaintiff identified the defendants through the IP addresses used when infringing activity occurred. Id. ¶ 22.

On June 30, 2017, plaintiff filed an amended complaint against the defendants for willfully violating the Copyright Act, 17 U.S.C. § 101 et seq. After properly serving the defendants and not receiving a response, plaintiff moved for entry of default against Ahmed, Amaya, Jan, and Stultz. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered default against each of those defendants. Plaintiff has now moved for default judgment against them, and the matter is ripe for disposition.

**Standard of Review**

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. Jefferson v. Briner, Inc., 461 F. Supp. 2d 430, 433 (E.D. Va. 2006). First, "the [C]lerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, a party may move the court for default judgment under Rule 55(b).

In reviewing a motion for default judgment, the court views all well-pleaded factual allegations in the complaint as true for purposes of liability. See Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); see also Ryan, 253 F.3d at 780 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact.") (internal citation omitted)). Consequently, in the default judgment context, "the appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 187 F.3d 628 (4th Cir. Aug. 10, 1999) (unpublished table opinion).

If the facts alleged in the complaint establish liability, then the court must determine the appropriate amount of damages. Ryan, 253 F.3d at 780-81. The court may make a determination as to the amount of damages without a hearing if the record contains sufficient

evidence to support the award. Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 507 (4th Cir. 1998) (noting that "in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing"); Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co., 919 F. Supp. 2d 680, 684 (D. Md. 2013) (finding that the court need not conduct an evidentiary hearing to determine damages and "may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum").

## Discussion

To establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). For purposes of a default judgment, the court believes that plaintiff has established both elements. Plaintiff has alleged that it owned a valid copyright, and that the copyrighted material was copied and distributed from the defendants' IP addresses using BitTorrent. Am. Compl. ¶¶ 11-12, 18, 22, Ex. A, B.

Accordingly, the court will now turn to the appropriate relief in this case. Plaintiff requests an injunction prohibiting further infringement of "Mechanic: Resurrection," statutory damages in the amount of $6,000 per defendant, and costs and attorney's fees.

### I. Injunctive Relief

The Copyright Act provides that "[a]ny court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Injunctive relief is appropriate when the nature of the infringement prevents an adequate remedy at law, and a permanent injunction is especially appropriate when a threat of continuing infringement exists.

See M.L.E. Music v. Kimble, Inc., 109 F. Supp. 2d 469, 473-74 (S.D.W. Va. 2000) ("Various district courts within this circuit have held that when a claim of copyright infringement has been proven, a permanent injunction prohibiting further infringements is appropriate and routinely entered."). Here, plaintiff has proven a claim of copyright infringement, and the record lacks any indication that the defendants will abstain from future infringements. Consequently, the court finds that a permanent injunction is appropriate.

**II. Statutory Damages**

The Copyright Act also "authorize[s] statutory damages to compensate copyright holders for difficult-to-prove downstream losses and to deter future infringement." ME2 Prods., Inc. v. Pumaras, CIVIL NO. 17-00078 SOM/RLP, 2017 WL 4707015, at *3 (D. Haw. Oct. 19, 2017). The amount of statutory damages awarded for any one work may not be "less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Within that range, the court enjoys wide discretion to set the amount of damages. See F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 231-32 (1952). In exercising this discretion, a district court considers the following three factors: "(1) the expenses saved and profits reaped by defendants in connection with the infringements; (2) revenues lost by the plaintiffs; and (3) whether the infringement was wil[l]ful and knowing or whether it was accidental or innocent." Jasperilla Music Co., MCA, Inc. v. Wing's Lounge Assoc., 837 F. Supp. 159, 161 (S.D.W. Va. 1993). Significantly, if a plaintiff proves that the infringement was willful, the court may award up to $150,000. 17 U.S.C. § 504(c)(2).

Here, the amended complaint contains no allegations that the defendants successfully downloaded the entire film or that they reaped any specific profits in connection with their infringement. Nor does the plaintiff provide any evidence as to the actual losses sustained by the

plaintiff. Although the plaintiff alleges that the defendants acted willfully, the court believes that an award of $750 per defendant is sufficient to compensate the plaintiff and deter future copyright infringement.

This award is consistent with a "recent trend in courts across the country . . . to award the minimum statutory award of $750.00 per violation" in infringement cases brought by "copyright holders who seek copyright infringement damages not to be made whole, but rather as a primary or secondary revenue stream and [who] file mass lawsuits against anonymous Doe defendants with the hopes of coercing settlements." Malibu Media, LLC v. [Redacted], Case No. PWG-14-261, 2017 WL 633315, at *3 (D. Md. Feb. 15, 2017) (collecting cases limiting the award to $750 per violation) (internal quotation marks omitted); see also, e.g., I.T. Prods. LLC v. Huber, Case No. 2:16-cv-1199, 2017 WL 5379437, at *2 (S.D. Ohio Nov. 14, 2017) (awarding $750 per violation). ME2 has sued over a hundred Does across the country for copyright infringement, including for its copyright to "Mechanic: Resurrection." See Pumaras, 2017 WL 4707015, at *2. In this case, ME2 originally sued Does 1-11 before naming the defendants and filing the same formulaic default judgment motion against the four defaulting defendants.[1] Additionally, ME2 has filed a nearly identical lawsuit in this district in Case No. 5:16-CV-00083. Accordingly, the court believes that an award of the statutory minimum without interest for each of the defaulting defendants is adequate.

**III. Attorney's Fees and Costs**

Next, the plaintiff requests $665 in costs and $2,520 in attorney's fees from each of the defendants. Jensen Aff., Docket Nos. 39-1, 41-1, 43-1, 45-1. In any action for copyright infringement, "the court in its discretion may allow the recovery of full costs" and "may also award

[1] The motions even refer to the wrong movie, "London Has Fallen." However, Exhibit B attached to the amended complaint confirms that the film subject to the infringing activity in this case is "Mechanic: Resurrection."

a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Although a district court retains "broad leeway" in applying § 505, it "may not award attorney's fees as a matter of course; rather, a court must make a more particularized, case-by-case assessment." Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1985 (2016) (alterations & internal quotation marks omitted). To assist district courts with exercising their discretion under § 505, the Supreme Court of the United States has directed district courts to consider "several nonexclusive factors," including "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." Id. (alterations & internal quotation marks omitted). Ultimately, in awarding attorney's fees, "courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." Id. at 1989.

Here, the defendants did not advance any defenses for the court to judge for frivolity or reasonableness. However, other courts have recognized that cases like this one threaten to "create[] results inconsistent with the goals of the [Copyright] Act," by encouraging companies to intimidate defendants with lawsuits for large statutory damages and a substantial attorney's fee award and thereby create an unequal bargaining process. Pumaras, 2017 WL 4707015, at * 5 (citing Cobbler Nevada, LLC v. Anonymous Users of Popcorn Time: Does 1-11, Case No. 3:15-cv-01550-SB, 2016 WL 4238639, at *4 (D. Or. Aug. 10, 2016)) (internal quotation marks omitted).

With these principles in mind, the court turns to the lodestar method to determine a reasonable attorney's fee. Under this method, the court multiplies the number of hours that the attorney reasonably expended on the litigation by a reasonable hourly rate. McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013). Plaintiff's counsel claims that he spent 8.4 hours on each of the

four defendants' cases and that his customary rate is $300 per hour. Thus, he seeks an attorney's fee award of $2,520 per defendant. In determining the reasonableness of counsel's requested fee, the Fourth Circuit has directed district courts to consider the following twelve factors:

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. at 88 n.5 (internal quotation marks omitted). Under the first three factors, the court is not convinced that 8.4 hours of work per defendant is reasonable. Counsel used substantially the same initial complaint in this case as he had already filed in another case pending in this district, and he filed the same formulaic default judgment motion against each of the four defendants. The eighth factor also counsels against an award of $2,520 per defendant because such an award is excessive when compared to the statutory damages award of $750 per infringement.

Other courts have recognized as excessive a request for $2,100 in attorney's fees based on a rate of $350 per hour. Pumaras, 2017 WL 4707015, at *6-7. The Court ruled that a total of $250 in attorney's fees was reasonable because that amount "compensate[d] ME2 for the fees reasonably expended in a cookie-cutter case in which much of its attorney's work could have been accomplished by a paralegal." Id. at *6. In another case, the District Court ruled that 9.1 hours was reasonable where a paralegal completed 7.2 hours of the work at a rate of $85 per hour. See Malibu Media, LLC v. Redacted, Civil Action No. DKC 15-0750, 2016 WL 3668034, at *5 (D. Md. July 11, 2016).

Based on the foregoing, the court believes that two hours per defendant is a reasonable number of hours for an attorney to expend on each defendant in this case and that the attorney's hourly rate of $300 is a reasonable rate for attorneys in this area. Accordingly, the court will exercise its broad discretion to award $600 in attorney's fees per defendant.

As to costs, plaintiff requests the following amounts from each defaulting defendant: a court filing fee of $400; subpoena response costs paid to Comcast to identify each defendant of $90; a process service fee for service on Comcast of $25; a process service fee for serving each of the defendants of $100; and a fee to verify the military status of each of the defendants of $50. Although plaintiff's counsel seeks to divide amongst the four defaulting defendants the original $100 fee for service on Comcast, he did not request to divide the one-time $400 filing fee in a similar fashion. The court believes that dividing that filing fee between the defaulting defendants is reasonable, and therefore, each of the four defaulting defendants will be liable for only $100 of the court filing fee. The court declines to award the remaining costs requested.[2] Accordingly, the court will award costs against each defendant in the amount of $100.

Finally, the plaintiff has also filed motions to dismiss with prejudice the action against the remaining defendants Braden Brennan, Paula Christian, and Yaser Medina. For good cause shown, the court will grant those motions.

**Conclusion**

For the reasons stated, the court will grant plaintiff's motions for default judgment against Ahmed, Amaya, Jan, and Stultz. Judgment will be entered in favor of plaintiff against each of

[2] Although circuit courts disagree over whether § 505 is broader than 28 U.S.C. § 1920, the court will exercise its discretion to limit costs in this matter to those recoverable under § 1920. See Humphreys & Partners Architects, L.P. v. Lessard Design, Inc., 152 F. Supp. 3d 503, 525 (E.D. Va. 2015) (ruling that the costs recoverable under § 505 are limited to the costs recoverable under § 1920). The court does not recognize as recoverable service fees paid to a private process server. See Mayse v. Mathyas, No. 5:09CV00100, 2010 WL 3783703, at *4 (W.D. Va. Sept. 28, 2010).

those four defendants in the amount of $1,450, representing $750 in statutory damages and $700 in attorney's fees and costs. Those defendants will also each be permanently enjoined from any further infringement. Finally, the court will grant plaintiff's motions to dismiss the action against Brennan, Christian, and Medina.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to Ahmed, Amaya, Jan, Stultz, Brennan, Christian, Medina, and to all counsel of record.

DATED: This 29th day of January, 2018.

Senior United States District Judge